## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

WESTCHESTER RESIDENTIAL
OPPORTUNITIES, INC.,

      Plaintiff,

   v.

BERK-COHEN ASSOCIATES AT TOR VIEW
VILLAGE APARTMENTS, LLC and
MANHATTAN MANAGEMENT COMPANY,
LLC,

      Defendant.

------------------------------------------------------------x

No. 7:20-cv-02097-KMK

### STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

**WHEREAS** Plaintiff Westchester Residential Opportunities, Inc. ("WRO") and Defendants Berk-Cohen Associates at Tor View Village Apartments, LLC and Manhattan Management Company, LLC (collectively, "Defendants") have agreed to produce certain documents, including without limitation confidential, proprietary, or otherwise sensitive information, documentation, or files;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for Plaintiff and Defendants, as follows:

1. Either party may designate documents produced in connection with this Action as "Confidential," by clear notation on the document or, only if that is not feasible, by written notification to the respective undersigned counsel for the parties hereto.

2. As used herein:

  (a) "Confidential Information" shall mean (i) any party's tax returns, (ii) proprietary business information, (iii) personal financial information, (iv) personally identifying information, contact information (including personal email addresses), employment history, or family history for

individuals who have served as "testers" for WRO; (v) personally identifying information, contact information (including personal email addresses), employment history, family history, or medical history of tenants, applicants, or any other individual not a party to this action (vi) Social Security numbers; (vii) documents all parties agree to be Confidential under this agreement, and (viii) documents ordered by the Court to be Confidential under this agreement.

(b) "Producing Party" shall mean the parties to this Action and any third parties producing "Confidential Information" in connection with depositions, document production, or otherwise.

(c) "Receiving Party" shall mean the parties to this Action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, or otherwise.

3. In the event a party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Information, the disagreeing party shall notify the Producing Party of such disagreement in writing. The Parties shall first try to dispose of such disputes in good faith on an informal basis. If the dispute cannot be resolved within fourteen (14) days, the Producing Party must seek affirmative relief from the Court permitting the Producing Party to designate the matter in question as Confidential Information. The Producing Party's failure to seek relief from the Court within twenty-eight (28) days of the disagreeing party's written notice of its disagreement about the designation shall constitute a waiver of the asserted confidentiality. The party asserting the confidentiality shall bear the burden of demonstrating the propriety of the designation to the satisfaction of the Court. If the Producing Party seeks relief from the Court within the time period set forth above, until any dispute under this paragraph is either resolved informally or ruled upon by the Court, the Producing Party's initial designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required under this Order.

4.  Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

   (a) personnel of Plaintiff or Defendants actually engaged in assisting in the preparation of this Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   (b) counsel for the parties to this Action and their associated attorneys, paralegals, and other professional personnel (including support staff);

   (c) any third-party vendor providing photocopying, data processing, or graphic production services hired by counsel to assist in discovery management and/or trial preparation;

   (d) the Court and court personnel;

   (e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

   (f) deposition or trial witnesses or persons contacted by a party based on a good faith belief that such persons may become witnesses at trial or depositions, to the extent reasonably necessary in connection with their potential testimony or in preparation therefor;

   (g) an expert who has been retained or specifically employed by counsel in anticipation of litigation or preparation of this Action (including consulting experts); and

   (h) any other person agreed to by the parties.

5.  Before any disclosure is made pursuant to sections (f)-(h) above, the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Information for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Information except in testimony taken in this case. The signed consent shall be retained by that party's attorneys and a copy shall be furnished to the Producing Party upon request, but only with respect to those

witnesses who are identified by a party pursuant to Federal Rule of Civil Procedure 26(a)(2). Nothing in this provision shall require disclosure by a party of the identity of non-testifying experts and/or consultants.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. A party that seeks to file any paper which incorporates any Confidential Information or reveals the contents thereof with the Court shall so inform the other side prior to filing. The parties shall confer in good faith to resolve the matter; if the parties agree to utilize redacted copies of such documents or if the parties agree that un-redacted versions of the papers may be filed publicly, no further order of the Court is necessary. Should the parties not reach a resolution, the party asserting confidentiality (or, if both parties assert confidentiality, the party seeking to file the papers), shall move the Court within seven (7) days of the date on which notice was provided for permission to file said papers under seal. Such material shall not be publicly filed with the Court until such application is decided. In the interim, to the extent necessary to comply with any deadlines imposed by the Court, Local Rules, or Federal Rules of Civil Procedure, the filing party who seeks to include Confidential Information in papers to be filed in Court shall provide a complete and un-redacted version thereof directly to the judges' chambers and opposing counsel and not cause them to be publicly filed with the Court until after the motion to seal has been decided or the parties agree that the materials can be publicly filed.

8. Material introduced in evidence at any trial in connection with the Action is presumptively not entitled to confidential treatment in the course of any such trial, even if such material has previously been sealed or designated as Confidential Information.

9. This Stipulation shall not preclude counsel for the parties from using during any deposition in this Action any documents or information designated as "Confidential Information" under the terms hereof.

10. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains confidential information. Designation shall be made by notifying all counsel in writing of those documents that are to be treated as such at any time up to twenty (20) days alter actual receipt of copies of those documents by counsel. Deposition or hearing testimony may be designated as "Confidential Information" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to counsel upon review of the transcript or within twenty (20) days after receipt of the deposition transcript. Prior to the expiration of such twenty-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

11. Documents containing Confidential Information that a Producing Party inadvertently failed to designate may be appropriately designated confidential at any time after production by appropriate written notice to the Receiving Party's counsel coupled with reproducing with the appropriate "Confidential" notation stamped on any such documents. The Receiving Party shall not be in violation of this Stipulation and Confidentiality Order for any disclosures of such Confidential Information made prior to such notice, which would have been authorized by this Order but for the subsequent designation by notice.

12. Nothing in this Protective Order shall preclude the parties from using, for any purpose outside this litigation, documents they have produced, or deposition testimony they alone have designated (and no other party has designated), as "Confidential Information."

13.     Pursuant to Federal Rule of Evidence 502(d) and this Order, the production (whether inadvertent or not) of any document, tangible thing, information or other material covered by the work product doctrine and/or the attorney-client, common interest, or other applicable evidentiary privilege that would entitle a party to withhold it from production shall not constitute a waiver or impairment of any claim of privilege (including the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege) concerning any such documents, tangible things, information or other material or the subject matter thereof.

If production of privileged material occurs, upon receiving notice from the Producing Party that allegedly privileged material has been produced, the material and any copies or summaries must be returned to the Producing Party as soon as practicable. In the case of electronically stored information, all electronic copies and the original production media shall be destroyed or "wiped," as soon as practicable after such notice. Return of the allegedly privileged information in no way prejudices or impairs the returning party's rights to challenge the privilege contention of the Producing Party or non-party before the Court; provided, however, that if the Producing Party has made a demand for the return as set forth above, the basis of such challenge shall not include an argument that the Producing Party waived privilege or protection by production of the material.

Further, in the event of such a challenge, the Producing and Receiving Parties shall attempt to resolve any challenges in good faith prior to filing a motion with the Court. While the parties confer, and during the pendency of any motion, any Receiving Party may retain the challenged material but shall make no further use of it other than is necessary in connection with the proceedings on the motion. Any copy of the challenged material submitted to the Court in

connection with the motion shall be filed under seal, redacted, or submitted for in camera review. The challenged material in dispute shall be treated as privileged until the parties either agree or the Court issues an order to the contrary.

14. The provisions of this Protective Order shall not apply to documents or other material designated as "Confidential Information" to the extent that such documents or materials (a) are obtained from sources other than the Producing Party, with the exception of materials obtained pursuant to a party's authorization for the release of such documents, or (b) are publicly available.

15. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court, or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

16. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the discretion of the Receiving Party. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits.

17. This Stipulation may be executed in counterparts, which together shall constitute one agreement, and execution by facsimile or electronic means shall be deemed proper execution of this Stipulation.

Dated: New York, New York
September 2, 2020

Respectfully submitted,

FOR PLAINTIFFS

SIMPSON THACHER & BARTLETT LLP

/s/ David Elbaum
Bryce L. Friedman
David Elbaum
425 Lexington Avenue
New York, NY 10017-3954
Telephone: 212-455-2000
bfriedman@stblaw.com
david.elbaum@stblaw.com

*Attorneys for Plaintiff Westchester Residential Opportunities, Inc.*

FOR DEFENDANTS

GORDON REES SCULLY MANSUKHANI, LLP

/s/ Christopher A. Seacord
Christopher A. Seacord
1 Battery Park Plaza, 28th Floor
New York, NY 1004
Telephone: 212-453-0755
cseacord@grsm.com

*Attorneys for Berk-Cohen Associates at Tor View Village Apartments, LLC and Manhattan Management Company, LLC*

Dated: White Plains, New York

    September __2__, 2020

SO ORDERED

HON. KENNETH M. KARAS